**MENKEN SIMPSON & ROZGER LLP**

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) ███-████
FACSIMILE: (212) ███-████
WWW.NYEMPLOYEE███

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER △
BRENNA RABINOWITZ
RAYA F. SAKSOUK

> **APPLICATION GRANTED**
> **SO ORDERED** /s/ Vernon S. Broderick
> **VERNON S. BRODERICK**
> **U.S.D.J.** 7/8/2024
>
> Having considered the relevant factors, including whether Defendants have made a "strong showing" that Plaintiff's claims are "unmeritorious," "the breadth of discovery and the burden of responding to it," and "the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC,* 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021), I find that Defendants have not met their burden to show good cause why discovery should be stayed.

**BY ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:    *Blaker v. Emil Capital Partners, et al.*
             Case No. 1:23-cv-10543

Dear Judge Broderick:

    This firm represents Plaintiff Nicole Blaker in the above-captioned action. Please accept this joint letter on behalf of all parties pursuant to Your Honor's Individual Rules & Practices in Civil Cases, § 3 ("Discovery Disputes").

    As set forth below, Plaintiff respectfully requests an order from the Court compelling Defendants to immediately commence discovery. Defendants have opposed this request, arguing that discovery should not begin until Defendants' pending motion to dismiss has been resolved, and the claims and defenses between the parties are at issue.

    The parties, represented by Scott Simpson (for Plaintiff), and Mia D'Andrea and Bryan Jacobson (for Defendants), met and conferred on this issue for approximately 30 minutes by phone on June 4, 2024, and were unable to reach a resolution.

    **A.**  **Procedural Posture**

    Plaintiff filed the original complaint in this action on December 1, 2023, alleging sexual harassment and retaliation in violation of Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). *See* Dkt. No. 1. On February 12, 2024, Defendants moved to dismiss the complaint for lack of personal jurisdiction (Dkt. Nos. 11-12), prompting Plaintiff to file her First Amended Complaint on March 1 (Dkt. No. 23). Defendants then moved to dismiss the First Amended Complaint under Rule 12(b)(1) and 12(b)(6), claiming this Court lacks subject matter jurisdiction over the action and that

1

Plaintiff failed to state claims for discrimination and retaliation under applicable law. *See* Dkt. No. 27-29. As of May 31, that motion is fully briefed.[1]

### B. Plaintiff's Position *(Submitted by Scott Simpson)*

Plaintiff's position is that discovery should begin as soon as possible in order to prevent prejudice and move the parties toward a potential resolution of her claims. By refusing to commence discovery, Defendants have effectively imposed a unilateral stay on the case pending resolution of their motion to dismiss. This is improper, and the Court should compel Defendants to comply with their obligations under the Federal Rules of Civil Procedure.

There are numerous reasons for the Court to compel this result. First, it is well-settled that the filing of a motion to dismiss does not prevent parties from engaging in discovery. Defendants have not moved for a stay, and filing a motion to dismiss does not mean they are entitled to one. *See Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *1–2 (S.D.N.Y. Feb. 15, 2023) ("A motion to dismiss does not automatically stay discovery[.]") (internal quotation marks and citations omitted).

Even if Defendants did move for a stay pending resolution of their motion to dismiss, that application would very likely be denied. When a motion to dismiss is pending,

> courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.

*Id.* at *2 (internal citations and quotation marks omitted). "The party seeking a stay of discovery bears the burden of showing good cause," *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (internal quotation marks omitted), and "the filing of a motion to dismiss does not itself constitute 'good cause.'" *Morales v. Next Stop 2006, Inc.*, No. 1:22-CV-03311 (JLR), 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022). Defendants cannot make the requisite showing.

With respect to the first factor, Defendants cannot establish that Plaintiff's claims are unmeritorious. As detailed in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Dkt. No. 31), Plaintiff's allegations of discrimination and retaliation are more than sufficient to survive under Rule 12(b)(6), and the Court has supplemental jurisdiction over her state and city law claims. There is ample case law to support these conclusions. *See generally* Dkt. No. 31; *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) ("When determining if a defendant has shown that a plaintiff's claims are unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge. ... Conversely, a court is less likely to find that a plaintiff's case is

---

[1] Defendants' original motion to dismiss (Dkt Nos. 11-12) is now moot. *See* Dkt. No. 26.

unmeritorious when both the defendant and plaintiff can make 'strong arguments' in support of their positions.").

For similar reasons, even if the Court were to disagree and conclude that some of Defendants' arguments do have merit, it is unlikely that Defendants' motion would dispose of Plaintiff's entire case. This too militates against the imposition of a stay. *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("[C]ourts also consider whether the resolution of the pending motion to dismiss may dispose of the entire action.") (collecting cases, internal citations and quotation marks omitted). Defendants' arguments that New York city and state law do not apply to an employee working for a foreign company but hired to work in New York is unsupported by the caselaw. And, as noted in Plaintiff's brief, the NYSHRL and the NYCHRL are both liberally construed and set a relatively low bar for Plaintiffs to prevail on a motion to dismiss. In recognition of this low bar, Defendants did not even challenge Plaintiff's NYCHRL claims on the merits. Therefore, even if Defendants were successful in knocking out some of Plaintiff's claims, the case will still continue. *See Morales*, 2022 WL 15523370, at *1 ("[M]uch of Plaintiffs' action will proceed whether the case is transferred to New Jersey or not. In light of the fact that some discovery is inevitable, 'there is no prejudice to Defendants in proceeding with discovery.'").

Imposing a stay also would not "meaningfully reduce any discovery burdens." *Nielsen*, 2023 WL 4363005, at *2. Since the scope of discovery is expected to be the same for all of Plaintiff's claims (they all arise from same set of facts), Defendants' discovery obligations will remain the same no matter how much of Plaintiff's case is left standing. Discovery is also inherently contained. This is a single-plaintiff case where job performance is not at issue. Plaintiff's claims arise from an act of sex harassment and a retaliatory termination all taking place within a span of six weeks. It is difficult to imagine that Defendants will be required to produce very voluminous discovery.

Finally, permitting Defendants to stay the case would only serve to prejudice Plaintiff. This case was filed over seven months ago. Plaintiff waited until Defendants' motion was fully briefed to raise the issue of discovery so that the Court would have access to sufficient information to determine whether Defendants could show that Plaintiff's claims are unmeritorious. Delaying discovery any further threatens to leave Plaintiff's case vulnerable to the types of problems that arise with the passage of time—for example, "witnesses' memories ... fading." *Mirra v. Jordan*, No. 15CV4100ATKNF, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016). Indeed, in cases like this one where it is highly unlikely that any or all of Plaintiffs' claims will be dismissed, courts have found that "delaying discovery ... only prejudices the Plaintiff." *Morales*, 2022 WL 15523370, at *1 (S.D.N.Y. Oct. 27, 2022) (internal citations and quotation marks omitted).

### C. **Defendants' Position** *(Submitted by Mia D. D'Andrea)*

As an initial matter, Plaintiff's Position fails to "set forth, **with specificity**, the requested discovery that each dispute involves" (emphasis added), as required by Paragraph 3 of the Court's Individual Rules & Practices in Civil Cases. Plaintiff does not describe, with specificity, what discovery she is seeking. Plaintiff has not served Defendants with a *single* discovery

3

request, whether formally or informally.  Accordingly, Plaintiff's vague request for an order compelling Defendants to "immediately commence discovery" is premature and procedurally improper.

Moreover, the Federal Rules of Civil Procedure do not require Defendants to engage in discovery at this time.  Fed. R. Civ. P. 26(d)(1) provides for the timing of discovery and generally does not begin until after the parties have conferred on a discovery plan at a Rule 26(f) conference, entered a stipulation to conduct early discovery, or obtained an Order to begin discovery prior to a conference or scheduling order.  Here the parties engaged in a meet-and-confer on June 4, 2024 whereby counsel for Plaintiff stated generally that he wanted discovery to commence, but did not describe in detail any particular documents or information Plaintiff was seeking from Defendants, nor did the parties otherwise agree to commence discovery or enter into a stipulation to conduct discovery prior to entry of a scheduling order.  Plaintiff herself has not served initial disclosures on Defendants or served Defendants with any discovery requests whatsoever.  No order from this Court has been entered authorizing discovery, and there is no scheduling order yet in place.

Further, engaging in discovery is premature at this time given the pendency of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the *"Motion to Dismiss"*), which raises jurisdictional and substantive matters that may result in the dismissal of this matter in its entirety.  By this correspondence, Defendants seek a stay of discovery until Defendants' Motion to Dismiss has been resolved because a ruling on the Motion "will necessarily result in greater certainty of what claims remain pending" and "[i]t would be wasteful for the parties to engage in extensive discovery prior to a ruling on the [M]otion." *See Nieves v. Just Energy New York Corp.*, 2020 WL 6720871, at *4 (W.D.N.Y. Nov. 16, 2020) (quoting *Cima v. Wellpoint Health Networks, Inc.*, 2006 WL 1064054, at *4 (S.D. Ill. Apr. 20, 2006)).

"If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Bennett v. Cuomo*, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023) (cleaned up).

With regard to factor #1, Defendants have made dispositive arguments in their pending Motion that will dispose of Plaintiff's entire case.  In their Motion, Defendants have argued, among other things, that Plaintiff's Title VII claims should be dismissed because Plaintiff has failed to adequately allege that either Corporate Defendant was aware of her "protected activity", or that Defendant Willey was given authority by the Corporate Defendants to fire her.  The dismissal of Plaintiff's Title VII claims would deprive the Court of supplemental jurisdiction over Plaintiff's state law claims, and would dispose of the matter in its entirety.  As Defendants stated in footnote 3 of their Reply brief, "[i]n the absence of any federal claims, this Court lacks subject matter jurisdiction as to Plaintiff's remaining state and local claims, mandating that this case be dismissed in its entirety."  *See Sharma v. Open Door NY Home Care Services, Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024) (staying discovery pending resolution of the defendant's motion to dismiss where, as here, the arguments in the motion "are colorable and raise threshold challenges to the Court's subject-matter jurisdiction" and if the defendant was successful in

dismissing the plaintiff's federal claims it would be unlikely the court would have supplemental jurisdiction over the plaintiff's remaining state-law claims) (cleaned up); *see also CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) ("On the first factor of the merits of Plaintiff's claims, courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action."). As in *Sharma*, Defendants have have made colorable, threshold challenges to the Court's subject-matter jurisdiction that, if accepted, will deprive this Court of subject matter jurisdiction over Plaintiff's state-law claims and dispose of the entire action.

As to factor #2, Defendants cannot even assess the breadth of discovery Plaintiff is seeking because, as stated above, Plaintiff has not served any discovery requests on Defendants. Moreover, Defendants have filed a case-dispositive Motion, and it makes little sense to require Defendants to expend resources in discovery prior to it being determined whether this lawsuit can proceed. *See Sharma*, 345 F.R.D. at 569 (finding "that it would be unduly burdensome for Defendant to respond to discovery until the Court resolves the potentially dispositive motion" and that permitting discovery would "thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor."). Further, even in the event that certain of Plaintiff's claims were to survive dismissal, Defendants have raised questions as to the applicable state law that should be applied, which implicates the elements of the claims currently pled by Plaintiff, as well as the applicable defenses available to Defendants. Requiring Defendants to stake out definitive posisions in responding to discovery before such items are resolved is potentially prejudicial to Defendants.

Finally, as to factor #3, Plaintiff will not suffer any unfair prejudice if this Court imposes a stay because Defendant's Motion has now been fully briefed, Plaintiff will suffer little prejudice as a result of any delay arising from the stay, and this case is still in its early stages. *See Id.* (citing *Cohen v. Saraya USA, Inc.*, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting motion to stay discovery pending the outcome of the defendant's anticipated motion to dismiss where the "case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken."). Accordingly, this Court should exercise its discretion to stay discovery pending Defendants' Motion to Dismiss and Plaintiff's request for an order compelling Defendants to engage in discovery should be denied.

Respectfully submitted,

/s/

Scott Simpson

5