# MENKEN SIMPSON & ROZGER LLP

80 PINE STREET, 33RD FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616
FACSIMILE: (212) 509-8088
WWW.NYEMPLOYEELAW.COM

BRUCE E. MENKEN
SCOTT SIMPSON
JASON J. ROZGER [△]
BRENNA RABINOWITZ
RAYA F. SAKSOUK

[△] ALSO ADMITTED NJ

ALAN SERRINS
OF COUNSEL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/21/2025
```

January 15, 2025

**BY ECF**
Hon. Robert W. Lehrburger, U.S.M.J
500 Pearl Street, Room 18D
United States Courthouse
Southern District of New York
New York, New York 10007

Re:   *Blaker v. Emil Capital Partners, et al.*, No. 1:23-cv-10543
      Motion to Compel Discovery

Dear Magistrate Judge Lehrburger:

This firm represents Plaintiff Nicole Blaker in the above-captioned action. I write pursuant to Your Honor's Individual Rules, Section II(D). Plaintiff writes to request the following relief: (i) an order directing Defendants to produce Defendant Robert Willey, Defendant Emil Capital Partners' ("ECP's'") CEO Marcel Bens, and witness Jessica Burtzos for depositions on or before January 30, 2025; and (ii) any other relief the Court deems appropriate. The parties have exchanged numerous emails (as outlined below) and discussed these issues by phone on January 7, and over Zoom on January 13 during an extensive meet and confer. The parties have been unable to resolve this issue.[1]

### Relevant History

By way of background, this case was filed on December 1, 2023. Defendants filed two motions to dismiss. The first was filed on February 12, 2024, and deemed mooted by Plaintiff's Amended Complaint on March 12, 2024. ECF 26. Defendants then filed a second motion to dismiss, which was fully briefed on May 31, 2024, and remains pending. ECF 27-34. On June 10, 2024, Plaintiff moved to commence discovery via a discovery dispute letter. ECF 35. Judge

---

[1] I originally had included, as part of this letter motion, a request to the Court to order Defendants to produce a Fed. R. Civ. P. 30(b)(6) witness who could testify about the ESI searches. This was based on my understanding from the January 13, 2025 meet and confer that the search was performed internally by someone employed by one of the Corporate Defendants. I served notice of the deposition on January 13. At 4:36 pm today, defense counsel reached out and we had a short meet and confer over Zoom. In that call, defense counsel disclosed, for the first time, that an outside vendor named "BHH Solutions" had in fact conducted the searches. Defense counsel objected to me taking the deposition of the vendor but, in an email sent at 4:56 pm, informed me that they were open to producing a witness on January 23 or 24, or agreeing on an alternative to a formal deposition. The parties will continue to confer on this issue.

Broderick granted the motion in an order dated July 8, which was electronically filed on August 6. ECF 36. The current fact discovery deadline is February 28. ECF 46.

Plaintiff served her first discovery requests, including a request for ESI, on August 7, 2024. Defendants served their responses and 44 pages of non-ESI documents on September 13 and 18. Plaintiff sent a deficiency letter to Defendants on September 25. The parties held a meet and confer on September 30, in which defense counsel informed undersigned counsel that a substantial ESI search was underway. Given the anticipated volume of ESI, the parties agreed that Defendants would serve their amended responses and substantial ESI production on or before October 31. On November 1, Defendants produced over 16,200 pages of ESI, but without any amended discovery responses. On November 22, Defendants served Plaintiff with their amended written responses to Plaintiff's first document requests.

On January 7, 2025, Plaintiff served Defendants with a deficiency letter asserting a number of deficiencies, including, most notably, Defendants' failure to produce the ESI in any organized fashion and in compliance with Rule 34,[2] Defendants' failure to produce a privilege log, and a host of other missing discovery items. Plaintiff immediately sought to meet and confer to discuss Defendants' discovery deficiencies. On January 13, the parties met over Zoom for approximately 50 minutes. Defendants did not take a position on certain key issues at the meet and confer and stated they would do so on or before January 17.

## Motion to Compel Depositions of Willey, Bens and Burtzos

On October 17, 2024, Plaintiff served deposition notices for Willey, Bens and Burtzos for various dates in November. However, due to the amount of time it would take for Plaintiff's counsel to review the 16,200+ pages of ESI produced on November 1—in a completely disorganized fashion, without the aid of any index or even any reference in their November 22 discovery responses of which documents corresponded to which request—the parties agreed to put off the depositions.

On December 20, I asked Defendants' counsel to propose deposition dates after the first two weeks of January. I followed up again on December 24, 31, and during a call on January 7, where defense counsel did not provide any dates but asked if I would consent to asking for a stay of discovery, which I declined. I followed up by email with defense counsel on January 8 and January 9 requesting dates, and inquired whether Defendants would be producing Burtzos (Defendants' Initial Disclosures state that Burtzos "may be contacted through [Defendants'] counsel"). Defense counsel responded on January 9 stating that Bens is available on February 20 or 21, and that they did not have dates yet for Willey. On January 9, I emailed defense counsel stating that Plaintiff will not wait that long to depose Bens, and requesting dates for Willey. On January 10, I again followed up by email for Willey's availability on January 23 or January 24. On January 14—25 days since my first request to schedule depositions—defense counsel informed me that Willey would be available February 26 or February 27.

---

[2] The ESI was produced in no particular order, not in a text-searchable format, and Defendants in their November 22 written responses did not identify any Bates stamped pages that corresponded to any request or what was withheld if anything—in fact, Defendants have not even stated any objection to Plaintiff's August 7 ESI request, and thus have waived their right to do so.

   Defendants have no basis to delay these depositions and no reasonable excuse for their dilatory response to my repeated requests to schedule the depositions.[3] Defendants have resisted and delayed producing witnesses for their depositions and, despite threatening to make a motion to stay discovery until after the motion to dismiss is decided, they have not done so.

   Defendants have argued that the document discovery issues must be resolved before depositions to avoid the purported inefficiency of reopening a deposition if documents produced following the deposition require further questioning. I see no reason why this should be a barrier to starting depositions. In any event, Defendants should not reap the benefit of delay because they provided little to no clarity on what documents are being withheld or which ones are being withheld due to privilege. And, if deposition testimony reveals the existence of relevant documents that were not turned over, that would be the fault of Defendants.

   I am additionally concerned that Defendants want to schedule these depositions just before the fact discovery deadline to possibly avoid having to turn over relevant documents, the existence of which may be revealed at a deposition.

   I thank the Court for its consideration of this request.[4]

Having considered the instant request, Defendants' response at Dkt. 48, and prior proceedings (including the discovery extension granted at Dkt. 46), the Court denies Plaintiff's request to compel, and amends the scheduling order as follows: (1) fact depositions shall be completed by **March 31, 2025**; (2) fact discovery shall be completed by **April 14, 2025**; (3) requests for admissions shall be served by **April 21, 2025**; and (4) all expert discovery shall be completed by **May 30, 2025**.

Respectfully submitted,

/s/

Scott Simpson

SO ORDERED:

01/21/2025

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

[3] By contrast, on January 9 at 1:56 PM, defense counsel emailed me asking for dates to depose my client. I responded with dates less than 15 minutes later (offering 2/3-2/5). I further note that Defendants served their deposition notice for Nicole Blaker on November 7, 2024, some three weeks *after* Plaintiff served her deposition notices for Willey, Bens and Burtzos. Therefore, it is Plaintiff's position that these depositions must take place before Plaintiff's.

[4] From a scheduling perspective, I can disclose that defense counsel has stated that they are unavailable the week of January 27. I have a JAMS mediation on January 21; depositions scheduled in a class action case, *Aguirre, et al. v. CDL Last Miles Solutions, LLC, et al.*, BER-L-001172-23, pending in the Superior Court of New Jersey, for January 31 (and possibly an oral argument in the same case on that day), February 6, and February 11, 12 and 13; and I am away for a family function on February 20 and 21.